Filed 11/4/14  Derek L. v. Superior Court CA1/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

|  |  |
|---|---|
| DEREK L., Petitioner, v. THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent; ALAMEDA COUNTY SOCIAL SERVICES AGENCY, Real Party in Interest. | A142789 (Alameda County Super. Ct. No. SJ12019936) |

Petitioner Derek L. (father) petitions this court for extraordinary writ review of a juvenile court order setting a selection-and-implementation hearing for his young daughter, K.L.  He argues (1) insufficient evidence supports the juvenile court's finding that K.L. would suffer a substantial risk of detriment if returned to his care, (2) he did not receive reasonable reunification services, and (3) the juvenile court abused its discretion in not extending those services.  In this abbreviated opinion,[1] we disagree and deny father's petition.

---

[1] Because father's petition raises no substantial issues of law or fact, we resolve this cause by abbreviated form of opinion as permitted by California Standards of Judicial Administration, section 8.1.

1

# I.
## FACTUAL AND PROCEDURAL BACKGROUND

Livermore police arrested father and Laura R. (mother) in their home in November 2012 for contributing to the delinquency of a minor and drug charges after they were found to be under the influence of heroin and opiates while caring for K.L., who was then six months old. Real party in interest Alameda County Social Services Agency (Agency) filed a juvenile dependency petition under Welfare and Institutions Code section 300, subdivision (b)[2] (failure to protect) alleging both parents admitted a history of substance abuse and had unstable housing and employment, allegations that were substantiated over the course of proceedings below.

K.L. was ordered detained and was then placed with an aunt and uncle. In January 2013, the juvenile court found K.L. was a child described by section 300, subdivision (b), adjudged her a dependent child, and ordered reunification services for both parents. Father's case plan called for him to receive individual therapy, to participate in parenting-education and substance-abuse programs, and to undergo substance-abuse testing.

Because K.L. was younger than three years old at the time she was removed from parental custody, reunification services were to be provided for six months from the dispositional hearing, and for no longer than 12 months from the date she entered foster care. (§ 361.5, subd. (a)(1)(B).) Father partially complied with his case plan in the first several months of the reunification period, but subsequently he was discharged from an inpatient treatment program and also tested positive for methamphetamine.

Based on the parents' lack of progress in the first several months of the reunification period, the Agency recommended in June 2013, in advance of what was supposed to be a six-month review hearing in July, that the parents' reunification services be terminated and that the juvenile court schedule a selection-and-implementation

---

[2] All statutory references are to the Welfare and Institutions Code.

hearing under section 366.26.[3] The hearing was continued multiple times, and testimony and evidence ultimately were taken over several days in January, February, April, May, July, and August 2014, making it an 18-month review hearing. (*Denny H. v. Superior Court* (2005) 131 Cal.App.4th 1501, 1509 [through continuances that allowed significant time to pass, 12-month review hearing became 18-month hearing].) Throughout that time, father made progress in his case plan but also continued to struggle with substance abuse. On August 13, 2014, the juvenile court terminated both parents' reunification services and scheduled a selection-and-implementation hearing for December 11.

## II.
### DISCUSSION

*A. Substantial Evidence Supports the Finding that Returning K.L. to Father's Care Would Pose a Substantial Risk of Detriment to Her.*

At the 18-month hearing, "the court shall order the return of the child to the physical custody of his or her parent . . . unless the court finds, by a preponderance of the evidence, that the return of the child to his or her parent . . . would create a substantial risk of detriment to the safety, protection, or physical or emotional well-being of the child." (§ 366.22, subd. (a); see also *Blanca P. v. Superior Court* (1996) 45 Cal.App.4th 1738, 1748.) The detriment standard, " 'while vaguely worded to be sure, must be construed as a fairly high one. It cannot mean merely that the parent in question is less than ideal, did not benefit from the reunification services as much as we might have hoped, or seems less capable than an available foster parent or other family member.' It must mean what it says: that return presents a *substantial* risk of detriment to the child." (*Rita L. v. Superior Court* (2005) 128 Cal.App.4th 495, 505, original italics.) In making its determination, the court shall consider the "efforts or progress, or both, demonstrated by the parent," as well as "the extent to which he or she availed himself or herself of services provided." (§ 366.22, subd. (a); *Blanca P.,* at p. 1748.) We review the juvenile

---

[3] Mother was arrested for shoplifting in January 2013, then again in February on burglary and drug charges. She was incarcerated for periods of the proceedings below and was inconsistent about visiting K.L., and at one point she lost touch with the Agency. She did not seek writ review after her reunification services were terminated.

court's finding of detriment for substantial evidence. (*Jennifer A. v. Superior Court* (2004) 117 Cal.App.4th 1322, 1341.)

In concluding there was a substantial risk of detriment to K.L. if she were returned to father's care, the juvenile court acknowledged father had made some progress in overcoming substance abuse, but the evidence showed father had recently relapsed and had unstable housing in that he was "essentially couch surfing his way around from friend to friend." In his writ petition, father highlights progress he made at various (and often early) points during proceedings below and focuses on other evidence favorable to him. But according to a June 24, 2014 status-review report, father admitted he relapsed in April or May 2014, and he did not submit to drug tests after that. The paternal grandmother testified that father had admitted to her in May 2014 that he had relapsed on methamphetamine, and father's sister testified father had admitted to her as recently as August 3, 2014, that he was using the drug again. Our review of the record thus reveals substantial evidence that returning K.L. to father, who was not able to maintain his sobriety or secure stable housing, would create a substantial risk of detriment to her.

### B. Substantial Evidence Supports the Juvenile Court's Finding that the Agency Provided Reasonable Reunification Services to Father.

Father argues the juvenile court erred when it found the Agency had provided reasonable services to him, a claim we also review for substantial evidence. (*Katie V. v. Superior Court* (2005) 130 Cal.App.4th 586, 598; *In re Alvin R.* (2003) 108 Cal.App.4th 962, 970-971.) In reviewing the claim for substantial evidence, we construe all reasonable inferences in favor of the juvenile court's findings regarding the adequacy of services and the reasonableness of the Agency's efforts. (*In re Julie M.* (1999) 69 Cal.App.4th 41, 46; *In re Misako R.* (1991) 2 Cal.App.4th 538, 545.) "[A]t the 18-month review hearing, the parent already has received services beyond what the juvenile law ordinarily contemplates, and, barring exceptional circumstances, the time for reunification has ended and the child's interest in stability is paramount." (*Katie V.*, at p. 596.)

4

Relying on his testimony in the juvenile court, father quibbles with some of the requirements of the drug-treatment portion of his case plan as well as the amount of visitation he was permitted. But a review of the entire record reveals the Agency provided adequate services to father, whose testimony that he did not understand the requirements to be tested for drugs and to participate in further drug-treatment programs was found by the juvenile court not to be credible. Moreover, there were no exceptional circumstances here that warranted extending services past the 18-month statutory limit, as father urges in his writ petition, and the trial court did not abuse its discretion in failing to grant such an extension. (*Andrea L. v. Superior Court* (1998) 64 Cal.App.4th 1377, 1388.)

### III.
### DISPOSITION

Father's petition for an extraordinary writ is denied on the merits. The decision is final in this court immediately. (Cal. Rules of Court, rule 8.452(i), 8.490(b)(2)(A).) Father's request for a stay of the juvenile court's December 11, 2014 hearing is denied as moot.

_____

Humes, P.J.

We concur:

_____

Margulies, J.

_____

Dondero, J.